[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On November 13, 2000, the plaintiff, Evans, Feldman Boyer, LLC, filed an interpleader action against the defendants, Richard Moffett, Janice Leitch, Robert Leitch, Jennie Hatt, Lori Dietz, Peter Dietz, William Avery, William Laput, Sharlene Stamper, and P.R.I.C.E., Inc. The defendants (former clients of the plaintiff) dispute the distribution of settlement proceeds obtained for them in a law suit instituted by the plaintiff on their behalf in 1996. In the present action, the plaintiff sought and obtained an interlocutory judgment requiring the defendants to interplead together concerning their claims to the aforesaid settlement proceeds. The plaintiff in this action further seeks to have the court determine a reasonable attorney's fee to be paid to it from the settlement proceeds for its legal services on behalf of the defendants in the 1996 lawsuit. The plaintiff also seeks an award of counsel fees in this action. CT Page 13369
January 10, 2001, JoAnn Paul was granted intervenor status as a party defendant. On March 7, 2001, the court granted the plaintiff's motion for interlocutory judgment of interpleader and ordered all defendants to file their statements of claim (or waivers) pursuant to Practice Book §23-44(2) by May 29, 2001. On March 28, 2001, Paul filed an answer to the plaintiff's complaint and also filed a counterclaim and a cross complaint, seeking the unpaid balance of legal fees for services rendered by her to the defendants in the same lawsuit for which the plaintiff seeks legal fees. Paul also seeks legal fees for services rendered by her to the defendants in a prior lawsuit in 1994.
Currently before this court is a motion to strike Paul's counterclaim and cross complaint filed by the defendants Leitch, Laput, Hatt and Avery on May 30, 2001. Those defendants move to strike these pleadings on the ground that they are "surplus and redundant" of her subsequent statement of claim, dated May 9, 2001. The defendants further allege that Paul's counterclaim and cross complaint are confusing in light of the court's prior order regarding the filing of statements of claim by all defendants. The aforesaid defendants did not file a memorandum of law in support of their motion to strike, nor did the defendant Paul file a memorandum in opposition. None of the parties in interest appeared at the scheduled calendar hearing for argument on the motion to strike, and the court is treating the matter as non-arguable.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . [counterclaim or cross claim] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709, ___ A.2d 558 (1998). In ruling on a motion to strike, the trial court examines the complaint "construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Brackets in original; internal quotation marks omitted.) Dodd v. Middlesex Mutual AssuranceCo., 242 Conn. 375, 378, 698 A.2d 293 (1997). When deciding the motion, "the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). "[G]rounds other than those specified should not be considered by the trial court in passing upon a motion to strike . . . (Internal quotation marks omitted.) Gazo v.Stamford, 255 Conn. 245, 259, 765 A.2d 505 (2001).
The Leitches, Laput, Hatt and Avery move to strike Paul's counterclaim and cross complaint on the ground that these pleadings are "surplus and redundant" of her subsequent court-ordered statement of claim of May 9, 2001. The aforesaid defendants cite no authority for the utilization of a motion to strike for this purpose, nor have they filed an accompanying CT Page 13370 memorandum of law pursuant to the provisions of Practice Book § 10-42
(a).
A challenge to a pleading based on redundancy and surplusage is more properly raised on a request to revise, rather than on a motion to strike.[1] Even if the movants have utilized the proper pleading to challenge Paul's counterclaim and cross complaint, nevertheless, the motion to strike is deficient for its failure to comply with the provisions of Practice Book § 10-42(a).
Section 10-42 (a), states that "[e]ach motion to strike must be accompanied by an appropriate memorandum of law. . . ." (Emphasis added.) In Akoury v. Kramer, Superior Court, judicial district of Milford, Docket No. 056064 (August 20, 1997, Curran, STR) (20 Conn. L. Rptr. No. 9, 313, 314), one basis for the court's denial of the plaintiff's motion to strike was that the memorandum of law filed in support of the motion cited no legal authority. Likewise, in Larson v. Dahl Oil Company, Inc.,
Superior Court, judicial district of New London, Docket No. 513310 (May 21, 1992, Hurley, J.), the court noted that even though the defendants had failed to object to the absence of a memorandum of law supporting the third party defendant's motions to strike, "the motions to strike could be denied, simply by the fact that the motions were not accompanied by appropriate memorandums of law as required under Practice Book § 155."
Also, in Buddington v. Sterling Winthrop, Inc., Superior Court, judicial district of New Haven, Docket No. 327296 (November 12, 1993,Zoarski, J.) (10 Conn. L. Rptr. 358), where an opposing party failed to object to the lack of a memorandum of law supporting a motion to strike, the court considered such a failure to comply with Practice Book § 155 as an additional basis [other than non-compliance with § 154] to deny the motion to strike. "[T]he plaintiffs have failed to accompany the motion to strike . . . with an appropriate memorandum of law citing the legal authorities upon which the motion relies. The omission of the legal memorandum provides a . . . basis to deny the motion." (Internal citation omitted; internal quotation marks omitted.) Buddington v. SterlingWinthrop, Inc., supra, 10 Conn. L. Rptr. No. 11, 361).
Because the defendants failed to file a request to revise the Paul counterclaim and cross complaint, filing instead a motion to strike, and because they failed also to file a memorandum of law in support of their motion to strike, the defendants' motion to strike is denied.
By the Court,
Howard F. Zoarski CT Page 13371 Judge Trial Referee